#### UNITED STATES DISTRICT COURT
#### DISTRICT OF MAINE

TRANSCONTINENTAL REFRIGERATED )
LINES, INC., )
                                            )
                *Plaintiff* )
                                            )
*v.* )     *Docket No. 06-46-B-S*
                                            )
STATE OF MAINE, )
                                            )
                *Defendant* )

#### RECOMMENDED DECISION ON MOTION TO DISMISS

The defendant, the State of Maine ("State"), moves to dismiss this declaratory judgment action on several grounds. Defendant's Motion to Dismiss, etc. ("Motion") (Docket No. 4) at 1-2. I recommend that the court grant the motion.

### I. Applicable Legal Standards

The motion to dismiss invokes Fed. R. Civ. P. 12(b)(1) and 12(b)(6). *Id*. at 1. When a defendant moves to dismiss pursuant to Rule 12(b)(1), the plaintiff has the burden of demonstrating that the court has jurisdiction over the subject matter. *Lundquist v. Precision Valley Aviation, Inc.*, 946 F.2d 8, 10 (1st Cir. 1991); *Lord v. Casco Bay Weekly, Inc.*, 789 F. Supp. 32, 33 (D. Me. 1992). The court does not draw inferences favorable to the pleader. *Hogdon v. United States,* 919 F. Supp. 37, 38 (D. Me. 1996). For the purposes of a motion to dismiss under Rule 12(b)(1) only, the moving party may use affidavits and other matter to support the motion. The plaintiff may establish the actual existence of subject-matter jurisdiction through extra-pleading material. 5A C. Wright & A. Miller, *Federal Practice and Procedure* § 1350 at 213 (2d ed. 1990); *see Hawes v. Club Ecuestre el*

*Comandante*, 598 F.2d 698, 699 (1st Cir. 1979) (question of jurisdiction decided on basis of answers to interrogatories, deposition statements and an affidavit).

"[I]n ruling on a motion to dismiss [under Rule 12(b)(6)], a court must accept as true all the factual allegations in the complaint and construe all reasonable inferences in favor of the plaintiff[]." *Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001). The defendants are entitled to dismissal for failure to state a claim only if "it appears to a certainty that the plaintiff would be unable to recover under any set of facts." *State St. Bank & Trust Co. v. Denman Tire Corp.*, 240 F.3d 83, 87 (1st Cir. 2001); *see also Wall v. Dion*, 257 F. Supp.2d 316, 318 (D. Me. 2003).

## II.  Factual Background

The complaint includes the following relevant factual allegations. The plaintiff is a Pennsylvania corporation with a principal place of business in Pittston, Pennsylvania. Complaint for Declaratory Judgment ("Complaint") (Docket No. 1) ¶ 1. It is a licensed commercial vehicle carrier under the Federal Motor Carrier Safety Act ("FMCSA"). *Id*. On June 22, 2005, Nathan Rossey, a driver for the plaintiff, was served with a summons citing the plaintiff for a violation of 49 C.F.R. § 391.15. *Id*. ¶ 5. That regulation provides that a motor carrier shall not require or permit a driver to operate a commercial motor vehicle if the driver is "disqualified" as defined in the FMCSA. *Id*. ¶ 6.

Under 29-A M.R.S.A. § 558, it is a misdemeanor to violate a federal regulation adopted by the State as part of its safety laws. *Id*. ¶ 7. The plaintiff contends that a motor carrier is not in violation of section 391.15 unless it has prior knowledge that its driver is "disqualified" under the FMCSA. *Id.* ¶ 8. The defendant contends that its adoption of section 391.15 makes it a strict liability statute and thus no knowledge on the part of the carrier need be shown. *Id*. The plaintiff also relies on 29 C.F.R.

§ 383.37, which provides that no employer may knowingly allow a driver to operate a commercial motor vehicle with a suspended or disqualified license. *Id*. ¶ 9.

The State has admitted that it cannot establish any facts to show that the plaintiff had prior knowledge of Rossey's disqualification. *Id*. ¶ 10.

The plaintiff owns numerous trucks that travel through Maine in interstate commerce on a daily basis. *Id*. ¶ 12. It seeks a declaration that a motor carrier can only be in violation of 49 C.F.R. § 391.15 if it is shown that the motor carrier had knowledge of its driver's status as "disqualified" as that term is defined in the FMCSA. *Id*. ¶ 14.

### III. Discussion

The defendant State contends that it is immune from suit for declaratory judgment in federal court; that this court lacks jurisdiction over the subject matter of the complaint because the case does not turn on the interpretation of the federal regulation; and that this court must not interfere with an ongoing prosecution in state court under the doctrine established by *Younger v. Harris*, 401 U.S. 37 (1971). Motion at 1-2. The Maine State Police "may adopt rules to incorporate by reference federal regulations in 49 Code of Federal Regulations, Parts 40, 382, 390, 391, 392, 393, 395 and 396." 29-A M.R.S.A. § 555(2). The regulations may be adopted with or without modification. 29-A M.R.S.A. § 555(1). A person who violates a state rule that adopts these federal regulations "commits a Class E crime, which is a strict liability crime as defined in Title 17-A, section 34, subsection 4-A." 29-A M.R.S.A. § 558(1-B)(A). "[A] culpable mental state need not be proved with respect to . . . [a]ny criminal statute as to which it is expressly stated to be a 'strict liability crime.'" 17-A M.R.S.A. § 34(4)(E). *See State v. Cornhuskers Motor Lines, Inc.*, 854 A.2d 189, 191-92 (Me. 2004).

The complaint does not allege that the Maine State Police have in fact adopted 49 C.F.R. § 391.15, but there does not appear to be any dispute that that is in fact the case. Motion at 2-3;

Plaintiff, Transcontinental Refrigerated Lines, Inc.'s Opposition to Defendant, State of Maine's Motion to Dismiss ("Opposition") (Docket No. 5) at 1.

### A. Sovereign Immunity

The defendant contends that it cannot be sued directly as the plaintiff purports to do in this case. Motion at 4. "It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). This bar extends to actions seeking declaratory relief. *Southern Union Co. v. Lynch*, 321 F.Supp.2d 328, 333-34 (D.R.I. 2004) (discussing First Circuit case law); *Tolman v. Finneran*, 171 F.Supp.2d 31, 38 (D. Mass. 2001).

The plaintiff asserts that the defendant's argument "is plainly wrong" because sovereign immunity does not apply when the relief sought is a declaration that a particular statute or action of the State is unconstitutional, citing state-law cases from Mississippi, Nebraska and South Dakota. Opposition at 6. However generously construed, the complaint simply cannot be read to seek a declaration that any statute or action of the defendant is unconstitutional. The plaintiff does contend in its memorandum of law that "when a legislative body intends to enact a strict liability criminal statute, such liability must be clearly expressed, or, otherwise, to impose strict liability violates due process," again citing case law from states other than Maine. Opposition at 7. If this is intended as an argument that the Maine statute at issue is unconstitutional, despite the absence of any such allegation in the complaint, it nevertheless fails. Section 558 of Title 29-A expressly states that violation of a rule adopted pursuant to the subchapter in which section 558 appears is "a Class E crime, which is a strict liability crime." 29-A M.R.S.A. § 588(1-B)(A). Strict liability is clearly expressed; indeed, it is difficult to imagine how it could be more clearly expressed. The plaintiff goes on to contend that "the Federal Statute, in fact, does not impose strict liability" and that "at the core of its argument, [it] is

4

seeking a declaration that the State's interpretation of the Federal Regulation is unconstitutional . . . as a matter of law." [1] As far as I can tell, no federal statute is at issue in this case. If the plaintiff means that the federal regulation at issue does not impose strict liability, that assertion is beside the point. The State has chosen to engraft strict liability onto the regulation, by statute, in the course of adopting it. It is not the State's "interpretation" of the federal regulation that is at issue, either. The State's interpretation is quite clear on the face of the statute. The plaintiff fails to allege in its complaint, or demonstrate in its memorandum, how the constitutionality of the state statute is at issue.

The plaintiff's complaint is barred by the doctrine of sovereign immunity.

### B. The *Younger* Doctrine

In the alternative, the defendant relies on the familiar doctrine of abstention recognized in *Younger v. Harris*, 401 U.S. 37 (1971). Motion at 5-7. In that case, the Supreme Court held that there is a "national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances,"[2] and that "declaratory relief is also improper when a prosecution involving the challenged statute is pending in state court at the time the federal suit is initiated." *Id.* at 41 & n.2. In the instant case, the state courts provide an adequate forum in which the plaintiff may present its arguments against the Maine statutes at issue and the State's decision to prosecute it. Indeed, it appears that the plaintiff has already done so. *See* Defendant's Motion to Dismiss and Incorporated Memorandum of Law, *State of Maine v. Transcontinental Refrigerated Lines, Inc.*,

---

[1] Later in its memorandum, the plaintiff asserts that it is not "seeking to challenge the constitutionality of the Federal Regulation," or of the State's prosecution. Opposition at 13 & n.13.

[2] In a footnote, the plaintiff contends that "the striking potential for inconsistent application and/or interpretation of the Federal Regulation throughout the State of Maine, and throughout the country, constitutes 'unusual circumstances' sufficient for this Court to exercise its equitable powers." Opposition at 14 n.14. To the contrary, no potential for inconsistent application of the state statute allowing the adopting of a federal regulation in a manner that renders its violation a state strict-liability crime is apparent, and none is alleged in the complaint. This court assumes that law enforcement officials in Maine will interpret Maine law uniformly unless it is demonstrated — or, for purposes of deciding a motion to dismiss, alleged — otherwise.

5

Maine District Court (District Ten), Docket No. BIDDC-CR-2005-03256 (copy attached to Motion as Exhibit A).

The plaintiff responds that the *Younger* doctrine is inapplicable in this case because the plaintiff "does not seek to enjoin or interfere with the state criminal proceeding pending concurrently with this action." Opposition at 11. It contends that *Younger* applies only when the federal-court proceeding "either enjoins the state proceeding or has the practical effect of doing so." *Id*. at 12 (citation and internal quotation marks omitted). As the *Younger* footnote cited above makes clear, this is too restricted a reading of *Younger*. The plaintiff again resorts to its assertion that it "is seeking declaratory judgment that the State's *interpretation* of the Federal Statute [sic] is incorrect." *Id.* at 13 (emphasis in original). But that is not what the plaintiff really wants. What it seeks is a declaration that Maine's statutory imposition of a strict liability standard on its adoption of the federal regulation, whether or not the regulation itself includes such a standard, cannot stand. The plaintiff would gain little or nothing, under the circumstances, from a declaration that the federal regulation itself does not include a *scienter* requirement. If that is truly all that the plaintiff wants, its complaint fails to meet the basic requirement for a declaratory judgment action: that there be "a case of actual controversy" between the parties that may be finally or conclusively determined by the action. *Calderon v. Ashmus*, 523 U.S. 740, 745-49 (1998). Given that state of affairs, the plaintiff is undoubtedly correct in its assertion that *Younger* does not apply to this case, but its victory on this point would truly be pyrrhic because the plaintiff should not be in federal court at all.

In any event, my conclusion that the State is immune under the Eleventh Amendment from the plaintiff's claims in this action is not affected by the outcome on the abstention issue.

### C. Subject Matter Jurisdiction

As was the case with the defendant's presentation of the abstention issue, it is not necessary to reach its claims with respect to the issue of this court's subject-matter jurisdiction, since the State is entitled to dismissal on the basis of its Eleventh Amendment immunity. I will discuss this issue only in the interest of completeness, should the court disagree with my recommendation on that issue.

The complaint alleges jurisdiction under 28 U.S.C. § 1331, Complaint ¶ 3, which provides jurisdiction in the federal courts for actions arising under the Constitution, laws or treaties of the United States. The defendant contends that the plaintiff was cited for violation of a state statute, not for violating the federal regulation, so the issue is "how to interpret the state statute and state regulation that adopt" the federal regulation. Motion at 5. This means, according to the defendant, that the only dispute between the parties arises under state, not federal law. *Id*. The plaintiff again responds that the defendant "is simply wrong." Opposition at 9. This is so, the plaintiff explains, because the state statute "cannot be 'violated' as the State contends." *Id*. at 10. Rather, the plaintiff asserts, 29-A M.R.S.A. § 558 merely "sets out the penalty for a violation of the Federal Regulation." *Id*. (emphasis in original). It is a novel legal concept indeed that a state may set penalties for violation of a federal regulation, but this court need not address that possibility. Section 558 does set penalties, but for violation of "a state rule that adopts by reference the federal regulations" relevant to this proceeding, 29-A M.R.S.A. § 558(1-A), and for violation of Subchapter II of Chapter 5 of Title 29-A of the Maine statutes or a rule adopted pursuant to that subchapter, 29-A M.R.S.A. § 558(1-B). The Maine State Police are authorized "to adopt rules to incorporate by reference" certain federal regulations, with or without alteration. 29-A M.R.S.A. § 555(2). Under this statutory scheme, the State is clearly imposing penalties for violation of its own regulations and statutes; the fact that the genesis of some of those regulations or statutes is found in certain federal regulations does not and

cannot mean that violation of one of those state statutes or regulations is actually a violation of the federal regulation. The plaintiff mischaracterizes the State's argument when it asserts that "[t]he State contends that TRL violated the Federal Regulation," citing page 3 of the Motion to Dismiss. Opposition at 10. The defendant never argues that the plaintiff violated any federal regulation; rather, it states repeatedly that the question is whether the state statute was violated. Motion at 1, 3, 5-6; Defendant's Reply in Sup[p]ort of Its Motion to Dismiss, etc. (Docket No. 6) at 1, 3-4.[3]

As I noted above, the question whether the federal regulation at issue can be violated when the carrier does not know that its driver is disqualified is irrelevant to the charge brought against the plaintiff by the State. If the plaintiff really seeks only an answer to that question, there is no active controversy between the parties for purposes of this action.

This court lacks subject-matter jurisdiction over this action.

### IV. Conclusion

For the foregoing reasons, I recommend that the defendant's motion to dismiss be **GRANTED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

---

[3] The plaintiff also contends that "it is clear that this Court has jurisdiction over this dispute because the Federal Highway Administration has the ability to impose a penalty for violation of the FMCSR." Opposition at 9 n.8. I fail to see how the fact that a federal agency, not a party to this action, may impose a penalty for violations of the federal regulations that have been adopted by the State as state regulations gives rise to jurisdiction in this court over a dispute between the plaintiff and the State. That position is not supported by the plaintiff's citation, *id.*, to *Used Equip. Sales, Inc. v. Department of Transp.*, 54 F.3d 862 (D.C. Cir. 1995), where the proper federal agency was a party and the federal regulations themselves were at issue.

8

Dated this 7th day of June, 2006.

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge